UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ROBERT M. SILLS - 15,

                Defendant,

_____/

Case No. 06-20663

HON: AVERN COHN

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**I.**

This is a criminal case.  Defendant, Robert M. Sills, after a seven day jury trial, was found guilty of a violation of 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii)(II), Conspiracy to Distribute Five Kilograms or More of Cocaine.  Defendant has yet to be sentenced.  On October 26, 2009 the Court denied defendant's Motion for a New Trial Based on New Evidence (Dkt. 589).  Now before the Court is defendant's Motion  For Reconsideration of that decision (Dkt. 604).

For the reasons that follow, the motion is DENIED.

**II.**

E.D. Mich. L.R. 7.1(g)(3) regarding motions for reconsideration states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues rule upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.

Thus in order to prevail on a motion for reconsideration, a movant must (1) raise a new issue (2) that represents a palpable defect in the initial decision and (3) will result in a different disposition in the case.

### III.

### A.

In his motion for a new trial, defendant suggested several errors related to the testimony of Danny Jones (Jones), a co-defendant who testified against him.   He specifically challenged Jones' testimony that he had purchased 50 kilos of cocaine in St. Louis on October 26, 2005 by asserting that was in Houston, Texas on that day and only flew to St. Louis later in the evening.  In support of his assertion, defendant attached flight records showing that he flew from Houston to St. Louis, arriving at 6:50 p.m. on October 26, 2005.  He also asserted a general challenge to the credibility of Jones' testimony.  He produced an affidavit from Jonathon Mitchell who stated Jones told him that he believed defendant had tried to kill him.

The Court found that this evidence was not sufficient to require a new trial.  First the Court noted that there was considerable evidence, apart from Jones' testimony, on which a reasonable jury could have convicted him.  Second, the Court found that the flight records did not constitute new evidence which could not have been discovered through due diligence because defendant knew of the flight for four year before trial.  Finally, the Court found that Mitchell's affidavit only addressed Jones' credibility, a subject which defendant could have challenged at trial.

### B.

2

Defendant's first basis for reconsideration involves the flights records described above. Defendant asserts that the evidence and witness statements disclosed by the government prior to Jones' testimony did not include any information regarding the alleged drug transaction on October 26, 2005. Defendant asserts that, without prior notice of this claim, he had no reason to obtain copies of the flight record because they were not otherwise relevant to the case. Defendant goes on to assert that because Jones testified on the last day of trial, he was not able to obtain proof of the flight until after the trial was over.

While defendant's brief explains in more detail why his flight from Houston to St. Louis was not brought up at trial, he does not present any new evidence. Instead, he presents the same issue that the Court addressed in his motion for a new trial.

As the Court noted in its previous order, defendant knew of this flight for the entire four years between his arrest and trial, but did not obtain a record of it until after trial. More importantly, defendant was aware of this issue as soon as Jones testified,[1] yet he did not raise the issue at that time. Also, he did not raise this issue during his cross-examination of Jones and did request a recess to obtain proof of defendant's flight. In sum, defendant did not act with due diligence in pursuing the issue and the motion for reconsideration does not raise any additional fact to contradict the Court's initial decision.

Furthermore, even if the Court were to find a palpable defect, it would not change

---

[1]Defendant obtained the flight records on February 11, 2009, two days after Jones testified. This suggests that he was immediately aware of the alleged discrepancy in Jones' testimony.

3

the outcome of the case.  As the Court stated in its order denying defendant's motion for a new trial, "Jones' trial testimony on this point was a small piece of the multiple drug activities implicating defendant which were testified to at trial.  The government's description of Jones' testimony in its briefs amply supports the conclusion that the discrepancy that defendant proffers in Jones' testimony did not play a significant role in the proofs." (Dkt 589, at 3).  In other words, the new evidence offered by defendant is not sufficient to change the result in his motion for a new trial because the newly discovered evidence would not be sufficient to produce an acquittal.  See United States v. Garcia, 19 F.3d 1123, 1126 (6th Cir. 1994) (granting a motion for a new trial only upon a showing by defendant that the new evidence would likely produce an acquittal).

## C.

Second, defendant offers additional evidence that he claims was not available under after the Court denied his motion for a new trial in order to prove that Jones perjured himself at defendant's trial.

Defendant provides a transcript from a criminal sentencing in the Eastern District of Missouri which took place on October 7, 2009 where the defendant who was sentenced stated that Jones committed perjury at defendant's trial.  He also includes a letter stating that the transcript was sent to defendant on October 26, 2009 – the day defendant's motion for a new trial was denied.  Defendant also provides high school transcripts for both himself and for Jones and asserts that they prove the Jones lied when he said that they attended high school together.  Finally, defendant again claims that Jones lied when he claimed that defendant's brother intimidated him on a flight before he testified at defendant's trial.

Defendant raised the issue of Jones' credibility in his motion for a new trial.

4

Although the evidence presented in this motion differs from that in his original motion, it involves a substantially similar issue.  In its initial order, the Court noted the government's argument that "defendant knew Danny Jones was a witness, and he could have sought out witnesses to discredit Jones" at trial.  Thus defendant is merely raising the same issue of Jones' credibility, despite the Court's prior decision on that same matter.  A motion for reconsideration should not be granted when the movant merely presents the same issues ruled upon by the court.  E.D. Mich. L.R. 7.1(g)(3).

Furthermore, even if the Court were to reconsider defendant's motion for a new trial, it would fail. A motion for a new trial can only be granted if the new evidence is material and not merely cumulative or impeaching.  Garcia, 19 F.3d at 1126.  The evidence submitted by defendant goes to Jones' credibility and would be used to impeach him at a new trial.  Thus the evidence is not material and would not constitute grounds for a new trial.

It is for the foregoing reasons that defendant's motion for reconsideration has been denied.

SO ORDERED

  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 25, 2009

I hereby certify that a copy of the foregoing document was mailed to the

attorneys of record on this date, November 25, 2009, by electronic and/or ordinary mail.

  s/LaShawn R. Saulsberry
Case Manager, (313) 234-5160