UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 06-20663

HON: AVERN COHN

v.

D-15, ROBERT M. SILLS,

        Defendant,

_____/

**MEMORANDUM AND ORDER**

**I.**

This is a criminal case. On December 15, 2006 Defendant, Robert M. Sills (Sills) was indicted on one count of violation of 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii)(II), Conspiracy to Distribute Five Kilograms or More of Cocaine. After plea negotiations were unsuccessful, the government filed an Information on January 29, 2009 stating that it intended to seek a sentence enhancement pursuant to 21 USC §§ 841(b)(1)(A) and 851(a) based on Sills' 1995 conviction in Missouri for possession of a controlled substance. At a sentencing hearing on November 30, 2009, Sills objected to the admissibility of the documents that the government proffered as proof of the prior conviction. Sills' sentencing was adjourned and he has yet to be sentenced.

**II.**

21 U.S.C. § 851 sets forth the procedure that must be followed to establish a prior conviction when the government seeks a sentence enhancement:

1. Before trial or the entry of a guilty plea, the government must file an

Information stating in writing the prior conviction on which it will rely in seeking an enhanced sentence.  21 U.S.C. § 851(a).

2. After a defendant is convicted, but before he is sentenced, the court must conduct a colloquy to inquire whether the defendant affirms or denies the prior conviction stated in the Information and must inform the defendant that he may not challenge the prior conviction after the sentence is imposed.  21 U.S.C. 851(b).

3. If a defendant challenges the prior conviction, he must file a written response to the Information.  However, the defendant may not bring a challenge based on the government's failure to include in the Information a complete record or the conviction or any additional facts that will be relied upon to enhance the sentence.  21 U.S.C. 851(c).

4. The court must then hold a hearing, without a jury,  to determine any issues raised by the defendant's response.  Both the government and the defendant may introduce evidence at the hearing.  The government shall have the burden of proof beyond a reasonable doubt on all issues of fact.  21 U.S.C. 851(c).

### III.

### A.

The government complied with the first procedural requirement by the filing of the Information on January 29, 2009, four days before Sills' trial began.

**B.**

The Court did not inquire whether Sills affirmed or denied the prior conviction relied upon by the government before his scheduled sentencing on November 30, 2009. Instead the Court adjourned the sentencing when Sills objected to the authenticity of the documents proffered by the government to establish the prior conviction. This is a deviation from the procedures established in 21 U.S.C. § 851(b). Sills was not prejudiced by this deviation so long as he is given a hearing to establish whether or not he was convicted as stated in the Information. See U.S. v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992) (holding that the district court's failure to hold the required colloquy did not subvert the substantive protections of the statute when the defendant appreciated his right to challenge the prior conviction, did challenge the prior conviction, and was afforded a hearing regarding his challenge).

**IV.**

If Sills intends to challenge his prior conviction, he must file a written response to the Information by December 18, 2009.

If Sills files a written response to the Information, the Court, to ensure compliance with 21 U.S.C. § 851, will hold a hearing on **January 7, 2010 at 2:00 p.m.** to resolve the issues raised by Sills in his response to the Information. Alternatively, if Sills does not file a written response to the Information, the Court will hold a sentencing hearing on **January 7, 2010 at 2:00 p.m.**

SO ORDERED.

Dated:  December 1, 2009            s/ Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

3

**06-20663-15 USA v. Robert Sills**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 1, 2009, by electronic and/or ordinary mail.

                                            s/ Julie Owens
                                            Case Manager, (313) 234-5160