UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-15, ROBERT M. SILLS,

                Defendant,

_____/

Case No. 06-20663

HON: AVERN COHN

## MEMORANDUM AND ORDER

### I. Introduction

This is a criminal case. Defendant Robert Sills (Sills) is one of 25 defendants indicted for Conspiracy to Distribute 5 Kilograms or More of Cocaine. Sills was found guilty after a five-day trial. Prior to trial, the government filed a 21 U.S.C. § 851 Information seeking to enhance Sills' sentence on the basis of a prior felony drug conviction. Sills challenges government's reliance on the Information on grounds that (1) the government's inclusion of the wrong case number in the original Information was not a clerical error, (2) the government has not proved a felony conviction in the case number referenced in the government's amended information, (3) the government's pursuit of a sentence enhancement constitutes vindictive prosecution, (4) the alleged conviction was not included in the government's indictment, and (5) the alleged conviction was not submitted to the jury.

Pursuant to 21 U.S.C. § 851, the Court held a hearing to determine if the issues raised in Sills' response would except him from increased punishment. Based on the

evidence submitted and the parties' arguments, the Court finds that the government has failed to prove a prior felony conviction beyond a reasonable doubt and may not seek a sentence enhancement pursuant to 21 U.S.C. § 841.

## II. Facts and Procedural History

On March 29, 2007 Sills was charged with Conspiracy to Distribute 5 Kilograms or More of Cocaine. A superceding indictment involving the same charge was returned on November 6, 2008. Sills' trial was scheduled to begin on February 2, 2009.

Sills entered into plea negotiations with the government; the parties were unable to reach an agreement.

On January 29, 2009, the government filed a "21 U.S.C. § 851(a) Information Regarding Prior Convictions." The information stated:

> The United States of America, by its undersigned counsel, files this Information pursuant to 21 U.S.C. § 851(a). Upon conviction of defendant ROBERT M. SILLS JR. of the charge in Count One of the Indictment in this case, the government will rely on the following prior conviction(s) of defendant as a basis for a sentence enhancement to increased punishment under 21 U.S.C. § 841(b)(1)(A):
> People v. Robert Sills, Jr., Case No. 19CR03930594, Cole County Circuit Court, State of Missouri, possession of a controlled substance, RsMo § 195.202 – Judgment of Sentence imposed April 21, 1995, one year probation.

On February 2, 2009 Sills' jury trial began with voir dire of potential jurors. On that day, the Court engaged in a colloquy with Sills regarding the Information. Sills said that he was aware that the Information was filed, that he understood the effect of the Information upon a subsequent finding of guilt, and that he desired to proceed to trial based on that understanding. Trial began on February 4 and ended on February 10, 2009. The jury found Sills guilty on February 10, 2009.

2

On November 23, 2009 Sills filed a motion styled as "Defendant Sills' Response and Objections to Governments Section 851 Information Alleging Prior Drug Felony Conviction Motion for Strike Information and Request for Jury Trial." (Dkt. 610.) Sills argued that the Information should be struck because it called for increased punishment on the basis of facts not charged by the grand jury and not found by a jury.

At a November 30, 2009 sentencing hearing Sills challenged the authenticity of the documents relied upon by the government to prove the prior conviction. The Court granted the government's request for an adjournment in order to procure an authenticated copy of the prior conviction.

The Court subsequently issued an order clarifying the procedural requirements of 21 U.S.C. § 851. (Dkt. 619.) These provisions permit a convicted defendant to file a written response challenging the Information and entitle the defendant to a hearing to resolve the issues raised in the response.

Sills filed an initial response on December 18, 2009 asserting that no conviction occurred in Case No. 19CR03930594, the case number included in the Information. (Dkt. 638.) Sills also asserted that the Information constituted vindictive prosecution and renewed his objections that the prior conviction was not included in the grand jury charges and that he should be entitled to a jury trial with respect to the existence of the alleged prior conviction.

On December 28, 2009 the Government filed an amended Information relying on the following conviction:

> People v. Robert Sills, Jr., Case No. 193-158, Cole County
> Circuit Court, State of Missouri, possession of a controlled
> substance, RsMo § 195.202 – Judgment of Sentence imposed

April 21, 1995, one year probation.

(Dkt. 643.)  The government asserted that, through a clerical error, it included the wrong case number in the original Information.  It acknowledged that the charges in Case No. 19CR03930594 were dismissed; it asserted, however,  that Sills was convicted in Case No. 193-158.  (Dkt. 644.)  It further asserted that the original Information contained sufficient information to put Sills on notice of the conviction on which it relied because all of the substantive information in the original Information – including the court, charge, date of conviction, and sentence imposed – accurately described Case No. 193-158.

Sills responded to the amended Information.  (Dkt 652.)  He asserted that the incorrect case number in the original Information was not merely a clerical error.  Sills also demanded that the government prove each factual allegation in the amended Information beyond a reasonable doubt.  He renewed his other challenges as well.

### III. 21 U.S.C. § 851 Sentence Enhancement

#### A. The Law

Before a defendant's sentence can be enhanced due to a recidivist charge, "due process requires that a defendant receive reasonable notice and opportunity to be heard." United States v. King, 127 F.3d 483, 488 (6th Cir. 1997); see also Oyler v. Boles, 368 U.S. 488, 452 (1962).  21 U.S.C. § 851 was enacted to fulfil this due process requirement.  King 127 F.3d at 488.

To provide reasonable notice, a defendant must be informed of the potential for an enhanced sentence before trial begins.  Section 851(a) says in part:

> No person who stands convicted of an offense under ths part
> shall be sentenced to increased punishment by reason of one
> or more prior convictions, unless before trial, or before entry of

> a plea of guilty, the United States attorney files an information
> with the court . . . stating in writing the previous convictions to
> be relied upon.

21 U.S.C. § 851(a).  While strict compliance with the statute's procedural requirements are mandatory, United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992), the government may amend a timely Information to correct a clerical error at any time prior to sentencing. 21 U.S.C. § 851(a).

To provide a defendant with an opportunity to be heard, a court must inquire whether the defendant affirms or denies the alleged conviction before a sentence can be imposed. Id. § 851(b).  A defendant who denies the alleged conviction may file a written response to the Information.  Id. § 851(c).  If a defendant files a written response, the court must hold a hearing to "to determine any issues raised by the response which would except the person from increased punishment."  Id.  The hearing takes place before the judge and the government bears the burden of proof beyond a reasonable doubt for all issues of fact.  Id.

## B. Correction of Clerical Errors

### 1.

The purpose of § 851 is to "allow[] a defendant to make an informed decision about whether or not to plead guilty."  United States v. Hamilton, 208 F.3d 1165, 1168 (9th Cir. 2000).  An informed decision can only be made if a defendant has notice of the alleged conviction before trial begins.  As noted above, the government must strictly comply with the procedural requirements of § 851.  Belanger, 970 F.2d at 416. However, the Sixth Circuit "inteprets[s] § 851's notice requirements so as to avoid

elevating form over substance." <u>King</u>, 127 F.3d at 489. The clerical error exception in 21 U.S.C. § 851(a) is an area where substance prevails over form. So long as the government's initial Information is timely and meets all procedural requirements, the government may file an amended Information correcting clerical errors <u>at any time</u> until the defendant is sentenced.

Whether a specific error in a § 851(a) Information is a clerical error or a substantive error is fact-specific. Only an error which could confuse a defendant about the prior conviction and potentially affect his decision whether to plead guilty or go to trial is one of substance. <u>Hamilton</u>, 208 F.3d at 1168. In contrast, a mere typographical error which does not preclude a defendant from having reasonable notice and an opportunity to be heard will be considered a clerical error and can be corrected prior to sentencing. <u>King</u>, 127 F.3d at 489; U.S.C. § 851(a). A court must consider the precise error, the context of the case, and whether a defendant was provided with sufficient notice prior to the commencement of trial.

Section 581 does not require the government include any specific factual allegations in an Information; the government must merely include enough detail to provide the defendant with notice. Each additional detail included in a § 851 Information increases the notice provided to the defendant, but also increases the risk of error in describing the precise details of a prior conviction. When a prior conviction is described in great detail, a defendant will often have sufficient notice even if the Information contains an error. In such situations, courts have found that the government committed clerical errors with respect to the date of conviction, <u>King</u>, 127 F.3d at 489; the charge under which a defendant was convicted, <u>United States v. Curiale</u>, 390 F.3d 1075, 1077

(8th Cir. 2004); and the state in which the conviction occurred, United States v. Severino, 316 F.3d 939, 944-45 (9th Cir. 2003). In each case, the government provided an accurate description of the defendant's prior conviction with the exception of a single error.

## 2.

Sills was named in two criminal charges in Cole County, Missouri in 1993. He was first charged with possession of a controlled substance in case number 19CR03930594; the charge was dismissed for lack of probable cause. Later that year he was again charged with possession of a controlled substance in case number 193-158. He pled guilty in case number 193-158 and was sentenced to one year probation on April 21, 2005.[1] The original Information filed by the government correctly noted that Sills was convicted of possession of a controlled substance in Cole County, Missouri and was sentenced to a term of one year probation on April 21, 2005, but erroneously stated that the conviction occurred in case number 19CR0390594.

The government asserts that the incorrect case number was merely a clerical error and was corrected in the amended Information. It says that the other details describing Sills' prior conviction, including the conviction date, court, offense, and sentence imposed were correct. Because Sills pled guilty to possession of a controlled substance in case number 193-158, the government asserts that he was aware of his prior conviction and could not have been confused as to the conviction on which the government would rely.

---

[1]Sills challenges his conviction in Case No. 193-158. As discussed below, the government has proved beyond a reasonable doubt that Sills was convicted in Case No. 193-158. However, the government has not proved beyond a reasonable doubt that the conviction was for a felony offense.

The parties have provided no cases applying § 851(a)'s clerical error provision in a case where the Information included an incorrect case number and the Court is not aware of any. However, there is no substantive difference between an incorrect case number and the clerical errors related to conviction date, charge, or state of conviction described above. A comparison to <u>Curiale</u> is instructive. In that case, the defendant's prior conviction for "sale of a controlled substance" was set aside and replaced with a conviction for "possession of a controlled substance." <u>Curiale</u>, 390 F.3d at 1076. Sills' claim that he was not convicted in case number 19CR0390594 is no different than Curiale's claim that he was not convicted of "sale of a controlled substance." In each case, the defendant faced two charges, but was only convicted once. In each case, the government described the conviction with great specificity, but included an important detail related to the charge that did not ultimately result in conviction. In each case the defendant claimed to be confused by the single incorrect detail, despite the fact that the rest of the Information correctly described the conviction. As in <u>Curiale</u>, the only reasonable conclusion in this case is that the government was aware of Sills' actual conviction and intended to rely upon it in seeking a sentence enhancement. The government's awareness of the second charge against Sills and its apparent mistake in conflating the two charges is exactly the kind of clerical error § 851(a) is intended to address.

Sills also asserts that the government's error was not clerical because it was not corrected for nearly eleven months. <u>Cf. King</u>, 127 F.3d at 488 (noting that clerical error was corrected three hours after the original Information was filed). However, § 851(a) permits a clerical error to be corrected at any time prior to sentencing, making the delay between the original and corrected filings irrelevant. Since the government corrected the clerical

error prior to sentencing, the amended Information is timely.

Further Sills asserts that he was more likely to be confused as to the charge on which the government would rely because he had appeared before the Cole County Circuit Court on multiple occasions. Cf. King, 127 F.3d at 389 ("[Defendant] has only one prior drug trafficking conviction – the one described in the information – and that is also the only time that [defendant] has been before the Cuyahoga Court of Common Pleas as a adult"). Even if the Court were to agree that a defendant is less likely to be confused as to a prior conviction if he has only been before a convicting court on a single occasion, it does not follow that a defendant is necessarily confused if he has been before a convicting court on multiple occasions. Sills only has one felony drug conviction and, because the Information included the correct date and sentence, he should have been aware that the government was relying on that conviction rather than a prior charge which was dismissed at a very early stage.

Finally, Sills argues that the clerical error provision of § 851(a) should be interpreted in light of FED. R. CRIM. P. 35(a) which permits the correction of "arithmetical, technical, or other clear error" within 7 days after sentencing. However, to the extent that the Court should consult the Federal Rules of Criminal Procedure, FED. R. CRIM. P. 36 which describes the procedure for correcting clerical errors is a more appropriate comparison. There are a number of cases in which courts have relied on FED. R. CRIM P. 36 to correct clerical errors involving case numbers. E.g. United States v. Misla-Aldarondo, 478 F.3d 52 (1st Cir. 2007); Brandon v. Chicago Board of Education, 143 F.3d 293 (7th Cir. 1998); United States v. Jackson, 295 Fed. App'x 592 (4th Cir. 2008). As a result, the Federal Rules of Criminal Procedure do not support the assertion that an incorrect case number

cannot result from a clerical error.

## C. Proof of Conviction in Case Number 193-158

### 1. The Law

Once a defendant filed a written response denying the allegations included in a § 851(a) Information, the court must hold a hearing to resolve the issues raised by the defendant. 15 U.S.C. § 851(c). Although either party may introduce evidence at the hearing, the government has the burden of proving beyond a reasonable doubt any issue of fact. Id. The purpose of a § 851 Information is to enhance a defendant's sentence pursuant to 15 U.S.C. § 841. That section states in part "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." Id. Therefore, the government must prove three facts in order to enhance a defendant's sentence: (1) that the defendant has a prior conviction, (2) that the conviction was for a drug offense, and (3) that the conviction was for a felony offense.

### 2. Federal Rules of Evidence

Relying on Fed. R. Evid. 1101(d)(3), the government asserts that rules of evidence to not apply to a § 851 evidentiary hearing because it is related to sentencing. The government has cited no cases applying Fed. R. Evid. 1101(d)(3) to an evidentiary hearing pursuant to 15 U.S.C. § 851. Instead, it cites cases related to the imposition of a sentence. United States v. Silverman, 976 F.2d 1502 (6th Cir. 1992 (en banc); United States v. Stone, 432 F.3d 651 (6th Cir. 2005); United States v. Bingham, 81 F.3d 617 (6th Cir. 1996); United States v. Katzopoulos, 437 F.3d 569 (6th Cir. 2006).

Although the Court has found no Sixth Circuit cases addressing the evidentiary standards in § 851 hearings, the Northern District of Iowa has considered the issue.  In United States v. Ingram, the court stated:

> Rule 1101(d)(3) does not thereby make the Rules of Evidence inapplicable to a *statutory* scheme for proof of a prior conviction imposing a "beyond a reasonable doubt" burden of proof, even if such proof is made in the context of a sentencing hearing.
> . . .
>     [W]hen Congress mandates that the prosecution must prove something beyond a reasonable doubt, the implication, or the reasonable assumption, is that such proof requires compliance with the Federal Rules of Evidence.  When Congress places the highest burden of proof in our legal system on the prosecution, with that burden should come the concomitant of the highest standard for admissibility of the pertinent evidence.

613 F. Supp. 2d 1069, 1093-94 (N.D. Iowa 2009).  The Court finds this reasoning persuasive and will only consider evidence that satisfies the Federal Rules of Evidence.

### 3. Evidence Offered at the Hearing

During the evidentiary hearing, the government relied upon five types of material it its effort to prove that Sills had a prior conviction for a felony drug offense: a certified copy of a docket entry from the Cole County Circuit Court, an Offense Report from Jefferson City, Missouri, a criminal history report which was provided to Sills prior to trial, a presentence report and accompanying objection from Sills, and a number of alleged admissions by Sills.

### a.

The first piece of evidence offered by the government is a certified copy of a short docket entry from the Cole County Circuit Court in Missouri.  The short docket entry is

attached to a certificate that was signed and sealed by the Clerk of the Cole County Circuit Court. The document contains the following handwritten entry: "Sills, Jr., Robert M.; 12-22-93; Poss. Of Cont. Sub.; 4/21/95; SIS; 1 yr. Unsuper. Prob. on G.P."

The document is self-authenticating under Fed. R. Evid. 902(4) because it is properly certified and is part of an official record of the Cole County Circuit Court. Further it is admissible under Fed. R. Evid. 803(8) because it is part of a public record recorded by a judicial office.

**b.**

To demonstrate that the conviction was for a felony offense, the government also offered an Offense Report from the Jefferson City Missouri Police Department. The report includes a handwritten note stating "Contact Cole County Sheriff's Department for details on the Cole County Felony Warrant served by our department." The document does not identify the source of the handwritten notation.

Even if the Offense Report were properly authenticated and admissible as non-hearsay, the handwritten notation is inadmissible hearsay. It was made by an unidentified third party. Thus, it is not evidence proving that Sills was convicted of a felony offense.

**c.**

Third, the government offered a criminal history report which was provided to Sills prior to trial. The report includes references both of the charges filed against Sills in 1993 and identifies the 1995 conviction as a class C felony.

However, this report is also inadmissible hearsay. See, e.g., United States v. Barry, 814 F.2d 1400, 1404 (9th Cir. 1987) (holding that rap sheets are inadmissible hearsay); United States v. Cervantes-Anguinaga, 135 Fed. App'x 914 (9th Cir. 2005) (holding that a

rap sheet was not admissible as proof of a defendant's criminal history). In <u>Barry</u>, the Ninth Circuit explained: "Rap sheets 'have never been allowed as evidence of a conviction. . . . [T]hey are not based on first-hand knowledge of the matters being recorded; only the court where the conviction occurred has such knowledge.' " <u>Barry</u>, 814 F.2d at 1404 n.7 (citing <u>United States v. Perlmuter</u>, 693 F.2d 1290, 1295-96 (9th Cir. 1982) (Ferguson, J. concurring)).

**d.**

Fourth, the government offered the Presentence Investigation Report submitted in this case by the United States Probation Office. The report references the following conviction: 01-17-94; Possession of a Controlled Substance; 19th Circuit Court, Jefferson City, Missouri; Case No. 19CR03930594; 04/21/95, one year probation (unsupervised). The government also offered Sills' objection arguing that the his criminal history category overstates the severity of the crime on grounds that it was a low-level drug conviction which was remote in time and resulted in unsupervised probation. The government asserts that this constitutes an admission of the conviction.

To the extent that the government asserts that Sills' objection is a party admission, the Presentence Investigation report provides context and can be considered to the extent that it explains the content of the party admission. To the extent that it is relied upon as independent proof of Sills' prior conviction, it is inadmissible for the same reasons as the criminal history report described above.

**e.**

Fifth, the government offered three instances in this action's official records where it asserts that Sills admitted that the conviction occurred. On February 2, 2009, Sills stated on the record that he knew the government filed a § 851 Information, he understood the effect of the Information in the event he was convicted, and that he still wanted to go to trial.[2] In a February 10, 2009 hearing on the record, the government stated that Sills faced a mandatory 20 year minimum sentence due to a prior drug conviction[3] and Sills' attorney

---

[2]The record reads as follows:
The Court: Next the government has filed a notice under 21 U.S.C. 851(a), Information Regarding Prior Convictions. Can I – I would like to ask the defendant a question, please sir. You have been informed that the government has made a plea offer; is thta correct?
The Defendant: Yes, sir.
The Court: And you have gone over that with your lawyer?
The Defendant: Yes, sir.
The Court: And you also know they filed an Information Regarding Prior Convictions?
The Defendant: Yes, sir.
The Court: And your lawyer has explained to you what that means if you are convicted?
The Defendant: Yes, sir.
The Court: And you have chosen to go to trial?
The Defendant: Yes, sir.
The Court: So I can feel comfortable that you have been fully informed of the potential consequences if you are convicted at trial versus the potential consequences if you were to plead guilty.
The Defendant: Yes sir.

[3]The record reads as follows:
The Court: What sentence does he potentially face?
Ms. Ison: 20 years.
The Court: Mandatory minimum?
Ms. Ison: Mandatory minimum.
The Court: Because of the –
Ms. Ison: Because of a prior drug conviction and the quantity.
The Court: But he faced the 20 years before he –
Ms. Ison: Just before the trial – I filed an enhancement a week before trial

acknowledged that Sills was aware that a sentence enhancement had been filed.[4]  Finally,

Sills stated in a brief that:

> The next indication of the government's vindictiveness is the dearth of logic in the "exercise of [its] broad discretion" with respect to statutory enhancement decisions.  *Id.*  The conviction alleged by the government purports to be one for possession of a controlled substance more than 15 years ago. Doc 643.  The disposition of that case was one year of unsupervised probation which the defendant completed successfully. Doc. 644-3.  The government claims now that it seeks a 10-year sentence enhancement because of a perceived link between the case it ascribes to Mr. Sills from 1993 and the conduct charged against him in this prosecution. Doc. 644 at 14.

## 4. Analysis

The government has not met its burden of proof beyond a reasonable doubt because there is no evidence proving that Sills' prior conviction was for a felony offense.

The only admissible evidence which establishes a conviction is the certified copy of the short docket sheet provided by the clerk of the Cole County Circuit Court.  This document proves beyond a reasonable doubt that Sills plead guilty to a charge of possession of a controlled substance and was sentenced on April 21, 1995 to one year of unsupervised probation.  However, there is nothing in this document that establishes that the conviction was for a felony offense.  There is no reference to the Missouri statute under which Sills was convicted.  Moreover, Sills was given a relatively light sentence that would be consistent with a non-felony offense.

Even if the Court were to find that Sills admitted to the information included in his

---

[4]The record reads as follows:
Mr. Richards: Not only that, Judge, but a situation where even though he knew about the enhancement he still was on bond and was here . . . on time.

Presentence Investigation Report, there is nothing to suggest that he was convicted of a felony. First, the Report refers to Case No. 19CR0393054 rather than Case No. 193-158. This alone creates a reasonable doubt regarding any admission that Sills may have made. Second, the report fails to state the statute under which Sills was convicted and does not expressly identify it as a felony. The Report assigns points to this conviction based on USSG 4A1.1(c). However, points can be assigned for both felony and non-felony drug offenses pursuant to USSG 4A1.1(c). See USSG 4A1.2(c). Again, there is nothing in this record that proves that Sills' conviction was for a felony offense.

The colloquy that occurred before the commencement of trial does not establish that Sills was convicted of a felony offense. The Court asked Sills if he was aware that an information was filed, what it meant if he is convicted, and that he had still chosen to go to trial. This colloquy does not constitute an admission by Sills that he had been convicted of a felony offense. At most it constitutes an admission that Sills knew that an information was filed and that he could challenge the validity of that Information in the event that he was convicted. The government cannot rely on a pre-trial colloquy to take away a defendant's post-conviction right to contest the content of the Information conviction.

The statements made on February 10 after Sills' conviction do not establish that the prior conviction was for a felony offense. They are merely an observation by the Court, the prosecutor, and the defendant that an Information had been filed. Again, the mere filing of an Information does not establish its veracity.

Finally, the statement in Sills' brief cannot be construed as an admission of the prior felony conviction. Sills states as his Response to Amended § 851 Information:

> Defendant Robert M. Sills denies the allegations of the

> government's original and amended sentence enhancement
> charges for want of information.  Mr. Sills requests that the
> Court hold the government strictly to its burden of proof beyond
> a reasonable doubt with respect to every material allegation in
> each of its sentence enhancement informations.

(Dkt 652, at 1).  Thus Sills unequivocally denied that he had a prior felony conviction.  The

statement relied upon by the government is part of Sills' assertion that the government

engaged in vindictive prosecution and, properly understood, is part of a summary of the

government's allegation.  It is not an admission of the conviction, let alone an admission

that the conviction is for a felony.  Given the context of the alleged admission as well as the

unequivocal denial in the same document, the brief does not establish beyond a reasonable

doubt that Sills was convicted of a felony offense.

      In sum, the government has failed to produce evidence that proves Sills' conviction

for a felony drug offense beyond a reasonable doubt.  The government has not proved the

statute under which Sills was convicted.  Furthermore, the length of his sentence is

consistent with a non-felony offense and cannot be relied upon to establish a felony

conviction.  Finally, there is nothing in the record to suggest that Sills admitted to the

conviction, let alone that admitted that it was a felony offense.  15 U.S.C. § 841 requires

a mandatory minimum sentence of 20 years if a defendant had a prior conviction for a

felony drug offense.  Therefore, the government cannot rely on that statute to enhance his

sentence.

Sills asserts that the government's decision to file an Information after unsuccessful plea negotiations constitutes vindictive prosecution. The Supreme Court has held that "to punish a person because he has done what the law clearly allows him to do is a due process violation of the most basic sort." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). However, it also clarified that "in the 'give-and-take' of plea bargaining, there is no such element of punishment so long as the accused is free to accept or reject the prosecution's offer." Id. It reiterated that "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of trial rights, the imposition of these difficult choices [is] an inevitable' – and permissible – 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas." Id. at 364(internal citations omitted). Further, the Supreme Court has declined to adopt a presumption of vindictiveness when the government seeks to enhance a defendant's sentence in response to a defendant's decision to proceed to trial. United States v. Goodwin, 457 U.S. 368, 484 (1982).

Without a presumption of vindictiveness, a defendant must allege the following facts to make out a prima facie case of vindictive prosecution: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) intent to punish the defendant for the exercise of that right." United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001). Sills has failed to make out a

---

[5] Because the Court has found that Sills' sentence may not be enhanced pursuant to 21 U.S.C. § 841 because the government has not proved a prior conviction for a felony drug offense, Sills' other arguments are moot. However, the Court will address them for the sake of completeness.

prima facie case for vindictiveness.

Sills first relies on the fact that the government threatened to file a sentence enhancement during plea negotiations. This argument is foreclosed by <u>Bordenkircher</u>. In that case, the Supreme Court faced identical circumstances where a prosecutor added recidivist charges after a defendant refused to accept a plea bargain. <u>Bordenkircher</u>, 434 U.S. at 364-65. The government is entitled to induce a plea bargain by promising to reduce charges already filed or by threatening a greater conviction upon conviction after trial. <u>Id</u> at 363. Sills has not alleged that the government's decision was based on an improper standard such as race, religion or other arbitrary classification. <u>See</u> <u>id.</u> at 364.

Sills' other arguments are also unavailing. Sills asserts that the government's "gross inattention to the task at hand, including its responsibility to correct its own mistake" is indicative of vindictiveness. While the government certainly could have been more attentive in providing accurate and timely information regarding Sills' prior conviction, there is no reason to believe that this inattention to detail stems from a vindictive motive. Sills also asserts that a sentence enhancement of 10 years for a 15-year old conviction that resulted in probation is unreasonable and suggests a vindictive motive. However, the United States Attorneys Manual requires the government to file a § 851 sentence enhancement in all cases where a plea agreement is not reached. <u>United States Attorneys Manual</u> § 9-27.300. While the Court agrees that there is a disparity between the original conviction and the sentence enhancement, the government's decision to file the Information cannot be considered unreasonable or vindictive in light of this policy. Finally, Sills relies on the Court's prior assertion that the government's filing of the information was a vindictive act. (Dkt. 622, at 3). The statement was not based on evidence and was not a finding of

fact or a conclusion of law; it was a personal observation and was clearly not intended to influence the record or the proceeding. Id. Therefore, Sills' reliance on the statement is misplaced.

During plea negotiations and at the time of trial, the government believed that Sills had a prior felony conviction for a drug offense. Such a conviction would subject him to a 20-year mandatory sentence. Therefore, the government was free to use that information as a bargaining chip during plea negotiations. While the threat of a sentence enhancement undoubtedly changed the dynamic of the plea negotiations, Sills has produced no evidence suggesting that the threat or subsequent filing of the § 851 Information was vindictive.

## V. Denial of Right to Indictment and Right to Trial by Jury

Sills asserts that, in seeking to enhance his sentence by filing a § 851 Information, the government has denied him of his rights to indictment by grand jury and his right to trial by jury regarding the prior conviction. The parties have stipulated that the government's Information complied with all of the requirements of 21 U.S.C. § 851(a).[6] The parties agree that the Supreme Court has held that government may seek a sentence enhancement based on a prior conviction without a grand jury indictment or trial by jury. Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998). Further, the parties agree that Almendarez-Torres remains good law in the Sixth Circuit. United States v. Watford, 468 F.3d 891, 915 (6th Cir. 2006) (holding that Supreme Court decisions in United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000) did not alter the government's obligations with respect to proving prior convictions). This Court is

_____

[6]To the extent that Sills disputed the government's procedural compliance with respect to the amended Information, that issue has been addressed above.

bound by the Sixth Circuit's decisions and, therefore, finds Sills' argument to be without merit.  However, he retains the right to raise these issues on appeal.

## VI. Conclusion

Having resolved Sill's objections to the 21 U.S.C. § 851 Information, there are no remaining procedural impediments to imposing a sentence in this case.  The Case Manager shall schedule a sentencing date.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  March 10, 2010


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 10, 2010, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160