UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                        Case No. 06-20663

ROBERT M. SILLS,                                           HON AVERN COHN

    Defendant/Petitioner.
_____/

## ORDER DENYING MOTION UNDER FED. R. CIV. P. 59(e) (Doc. 894)

### I. Introduction

This is a habeas case under 28 U.S.C. § 2255. Petitioner, Robert M. Sills, was found guilty by a jury to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II), for which he received a custody sentence of 136 months imprisonment. Sills filed a motion under §2255 in which he argued that he was deprived of his Sixth Amendment right to effective counsel. Sills specifically claimed that his counsel was ineffective when he failed (1) to object to the government's vouching for the drug ledgers during rebuttal closing argument, (2) to object to the government's comment on Sills' right to silence, (3) to investigate the government's witness Danny Jones, (4) to present evidence of Sills' October 26, 2005 flight from Houston, Texas to St. Louis, Missouri, and (5) to object to the government playing an undisclosed tape during trial. Sills also argued that the government committed prosecutorial misconduct which violated his rights of due process and a fair trial under the Fifth Amendment. The Court denied the motion and

denied a certificate of appealability.  (Doc. 890).  Before the Court is Petitioner's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  (Doc. 894).  For the reasons that follow, the motion is DENIED.

## II.  Legal Standard

Fed. R. Civ. P. 59(e) may be used as a vehicle for seeking reconsideration of any prior ruling of the court.  Generally, there are three situations which justify reconsideration under Rule 59(e):  (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). However, like motions for reconsideration or rehearing brought under E.D. LR 7. 1, motions under Fed. R. Civ. P. 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."  Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly."  Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995); United States v. Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla.1994), Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

### III.  Discussion

Sills has not demonstrated that he is entitled to relief under Rule 59(e).  Sills' motion is based on his contention that the Court committed a clear error of law.  Sills says that the Court failed to apply the proper standard of review to his claims, arguing that the Court applied a plain error standard instead of the <u>Strickland</u> standard.  Petitioner is mistaken.  As explained the government's response to Sills' motion, the Court articulated and applied <u>Strickland</u>, concluding that Sills had failed to show that his trial counsel was ineffective.  To the extent that Sills attempts to reargue his claim regarding trial counsel's failure to obtain flight records, Rule 59(e) cannot be used to relitigate an issue already decided.

SO ORDERED.

 s/Avern Cohn  
UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 20, 2013, by electronic and/or ordinary mail.

 s/Carol Bethel for Sakne Chami  
Case Manager, (313) 234-5160